SNIEGOWSKI, D. B. A. FRANK'S NURSERY, APPELLANT, *v.* BUREAU OF UNEMPLOYMENT COMPENSATION, APPELLEE.

(No. 8164—Decided July 5, 1966.)

*Messrs. Cubbon & Rice* and *Mr. R. Martin Galvin,* for appellant.

*Mr. William B. Saxbe,* attorney general, and *Mr. Tony R. Kidd,* for appellee.

BRYANT, P. J.   This is an appeal on questions of law by Frank J. Sniegowski, Sr., d. b. a. Frank's Nursery, appellant herein, from a judgment of the Common Pleas Court of Franklin County affirming the decision of the Administrator of the Bureau of Unemployment Compensation, appellee herein, and holding that such decision was supported by reliable, probative and substantial evidence and was in accordance with law.

The business operated by Sniegowski apparently was start-

ed in 1946, was solely owned by Sniegowski, and was engaged in two principal types of work: (1) as a nursery on a 23-acre farm, and (2) landscaping which was performed away from the nursery. This was in addition to sales made at the nursery.

Under the Ohio Unemployment Compensation Law (Chapter 4141, Revised Code), an employer is defined as an "individual," etc., who "had in employment three or more individuals at any one time within a calendar year." (Section 4141.01(A), Revised Code.) Specifically exempted are persons engaged in "agricultural labor." (Section 4141.01(B) (2) (a), Revised Code.) This statute provides further that " 'Agricultural labor' means all services performed:

" (1) On a farm, in the employ of any person, in connection with cultivating the soil, or in connection with raising or harvesting any agricultural or horticultural commodity, * * *." (Section 4141.01 (X) (1), Revised Code.)

The final paragraph of the same section provides that "as used in division (X) of this section 'farm' includes * * * nurseries, * * *."

The statute, in dealing with the employment of persons whose work in part is covered by the Ohio Unemployment Compensation Law and, in part, is exempted from such law, provides that "If the services performed during one-half or more of any pay period by an employee for the person employing him constitute employment, all the services of such employee for such period shall be deemed to be employment; * * *." (Section 4141.01 (B) (3), Revised Code.)

Under the provisions of Section 4141.18, Revised Code, "Every employer" whether otherwise subject to the Unemployment Compansation Law or not is required to "keep a true and accurate employment record of all his employees" whether or not such employees are subject to or exempted from the Unemployment Compensation Law. This is implemented by Regulation 503 of the Bureau of Unemployment Compensation requiring employers of one or more persons to keep a record of "the character of the service performed" and, where more than one type of service is performed, *"a division between covered and excluded employment, when both such services appear in the*

*same pay period."* (Regulation 503 (g) (h).) (Emphasis added.)

In this case, a payroll auditor employed by the Bureau of Unemployment Compensation audited the records of Frank's Nursery for a 4¼-year period from April 5, 1957, to June 30, 1961. Although some employees admittedly were in covered employment and others were in excluded employment, there was no record as to the amount of time devoted to either.

This proceeding was begun when, as a result of the audit referred to above, a determination was made by the bureau that Sniegowski became liable under the Unemployment Compensation Law during the audit period referred to above, fixing his contribution rate at "2.7 per cent of your taxable payroll," finding that his liability for the audit period referred to above was $1,672.29 as contributions due, and $155.73 as forfeitures due, or a total of $1,828.02. This information was contained in a letter, dated September 5, 1961, from the bureau to Sniegowski. (Exhibit A.)

Sniegowski filed an application for review and redetermination on October 23, 1961. (Exhibit B.) A hearing was held on December 14, 1961, at which time four witnesses testified—Robert Long, payroll auditor for the bureau, Michael Bryk and Richard L. Grant, landscape employees of the nursery, and Sniegowski. Subsequently, by agreement, affidavits of eleven employees of the nursery were filed on behalf of Sniegowski. One affidavit (Orner's) said he worked at the nursery 100 percent of the time, while the other ten placed agricultural work at 51 per cent of the total. None made reference to any particular pay period. Except as indicated above, all eleven affidavits were in identical form.

In the decision by the administrator, the determination of the bureau was reduced by excluding the earnings of Charles Orner who worked exclusively at the nursery. Otherwise, the earlier determination was approved, and, on appeal to the Common Pleas Court of Franklin County, the decision of the administrator was affirmed.

On appeal to this court, the affirmance by the court below of the decision of the Administrator of the Bureau of Unem-

ployment Compensation is the sole error assigned. We have carefully reviewed the record and find ourselves in agreement with the decision and judgment of the court below.

We are not unmindful of the several arguments advanced on behalf of appellant, which are summarized at the conclusion of his brief. The refusal of the bureau to grant coverage to appellant or pay benefits to certain employees is of no present help to appellant. We are unable to agree either that appellant had kept adequate records or that all of appellant's employees were engaged in agricultural work. Appellant stipulated at the hearing that three part-time stenographic employees and at least two landscape employees were not entitled to exemption. Complaint is made of the length of time required by the Administrator of the Bureau of Unemployment Compensation to render his decision. We are unaware of any statutory or other time limits applicable in this case.

For the reasons set forth above, we hold that the single assignment of error is not well taken and must be overruled, and the judgment of the court below affirmed and the cause remanded.

*Judgment affirmed.*

DUFFY and TROOP, JJ., concur.